IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, Deceased<br><br>       Plaintiff,<br><br>    v.<br><br>BRIGGS & STRATTON CORPORATION, a corporation, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, a corporation, FERRIS INDUSTRIES, INC., a corporation, and PEORIA MIDWEST EQUIPMENT, INC., a corporation<br><br>       Defendants.<br><br>────────────────────────<br><br>ROBERT WILDERMUTH<br>       Respondent in Discovery | Case No.: 11-L-006115<br>NOTICE OF REMOVAL<br>(28 U.S.C. § 1446 (a), (b)) |

## NOTICE OF REMOVAL

Defendants Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC, and Ferris Industries, Inc., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC, respectfully file this Notice of Removal and state as follows:

1. Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC, and Ferris Industries, Inc., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC (collectively "Briggs" except where otherwise indicated) are defendants in the civil action brought on June 13, 2011 in the Circuit Court of Cook County, Illinois. Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Briggs removes this action

to the United States District Court for the Northern District of Illinois, Eastern Division, which is the judicial district and division in which the action is pending.

2. This action asserts a products liability claim against Briggs, in which the plaintiff contends that her husband's death was a result of a defective Ferris brand lawn mower manufactured, designed and sold by Briggs. Plaintiff seeks recovery based on a theory of strict products liability.

3. Plaintiff was, at the time of the commencement of the action and still is, a citizen and resident of the State of Illinois. Defendant Briggs & Stratton Corporation was and is a corporation organized and existing under the laws of the State of Wisconsin, and maintains its principal place of business in the State of Wisconsin. Briggs & Stratton Power Products, LLC (including Ferris Industries, Inc.) was and is a limited liability company organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of Wisconsin. There is, therefore, complete diversity of citizenship between these defendants and plaintiff. Ferris mowers are primarily manufactured in the state of New York and are not manufactured in Illinois.

4. The plaintiff's complaint alleges that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $50,000. Although Briggs denies that it is liable for any of the following amounts, it is Briggs' good faith belief that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 since plaintiff has alleged wrongful death, pecuniary loss, and loss of society, as well as survival action claims. (See Plaintiff's Complaint, a copy of which is attached as Exhibit A, Count I, ¶ 8, Count II, ¶ 9).

5. Peoria Midwest Equipment, Inc. ("Midwest") is a corporation organized and existing under the laws of the State of Illinois. However, Briggs respectfully contends that Midwest has been improperly and fraudulently named and joined as a defendant in this action solely in an attempt to destroy diversity of citizenship, and thus this Court's original subject matter jurisdiction under 28 U.S.C. § 1332. For the reasons more fully set forth in the attached memorandum in support of removal, Briggs contends that Midwest has been fraudulently joined because "there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Bodine's Inc. v. Federal Insurance Co.*, 601 F. Supp. 47, 49 (N.D. Ill. 1984) (quoting *Green v. Amerada Hess Corp.*, 707 F. 2d 201, 205 (5th Cir. 1983)); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Midwest was merely a retail dealer that sold the used lawn mower in question and there is no legitimate basis for its independent liability. *See* 735 ILCS 5/2-621 (West 2006); *see also Peterson v. Lou Bachrodt Chevrolet Co.*, 61 Ill. 2d 17, 20-21 (1975); *Cruz v. Midland-Ross Corp.*, 813 F. Supp. 628, 630 (N.D. Ill. 1993).

6. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a), (b) because there is complete diversity of citizenship between the plaintiff and the only true defendants, and the only parties properly joined as defendants are not citizens of the state in which the action is proceeding. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

7. Midwest joins in and consents to the removal of this case to the United States District Court for the Northern District of Illinois. That consent is indicated by the signed consent form attached hereto as Exhibit B.

8. This Notice of Removal is timely because it is filed in this court within 30 days after the receipt by defendants of a copy of plaintiff's original complaint in the action and within one year of the commencement of the action.

9. In accordance with 28 U.S.C. § 1447(b) there are attached to this Notice of Removal true and correct copies of all pleadings and process served upon the defendants by the plaintiff in this case. See Exhibit C.

10. In accordance with 28 U.S.C. § 1447(b) this defendant shall give prompt written notice of the removal of this case to the plaintiff, and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Briggs respectfully requests that this case proceed before this Court as an action properly removed.

Dated this 7th day of July, 2011.

Respectfully submitted,

By:/s/ Meghan M. Sciortino
One of the Attorneys for Defendants
Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC, and Ferris Industries, Inc., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC

Meghan M. Sciortino – ARDC No. 6287341
JOHNSON & BELL, LTD.
33 West Monroe
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 984-0285
sciortinom@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2011, I electronically filed the foregoing document with the Clerk of the Court, United States District Court, Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Meghan M. Sciortino
One of the Attorneys for Defendants
Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC, and Ferris Industries, Inc., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC

Meghan M. Sciortino – ARDC No. 6287341
JOHNSON & BELL, LTD.
33 West Monroe
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 984-0285
sciortinom@jbltd.com

ID #26129

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

ROSEMARY WHELCHEL, Special Administrator of the )
Estate of ROBERT WHELCHEL, *Deceased* )
)
          *Plaintiff,* )
)
      v. )      CASE NO.
)
BRIGGS & STRATTON CORPORATION, *a corporation;* )
BRIGGS & STRATTON POWER PRODUCTS GROUP, )
LLC, *a corporation;* FERRIS INDUSTRIES, INC., )
*a corporation;* and PEORIA MIDWEST EQUIPMENT, )
INC., *a corporation* )
)
          *Defendants* )
_____ )
)
ROBERT WILDERMUTH )
)
          *Respondent in Discovery* )

MADISON COUNTY
2011 JUN 20 AM 9: 15
SHERIFF'S OFFICE

<u>**PLAINTIFF'S COMPLAINT AT LAW**</u>

<u>**COUNT I – STRICT LIABILITY – WRONGFUL DEATH – B&S CORPORATION, B&S POWER**</u>

<u>**PRODUCTS, FERRIS**</u>

      Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, BRIGGS & STRATTON CORPORATION *(hereinafter referred to as B&S Corporation)*, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC *(hereinafter referred to as B&S Power Products)*, and FERRIS INDUSTRIES, INC. *(hereinafter referred to as Ferris)*, states:

      1.    On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris, a division of Briggs & Stratton Power Group, were engaged in the business of designing, manufacturing and selling Lawn Tractors.

**EXHIBIT**

*tabbies*

*A*

2.     On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris designed, manufactured and sold a Lawn Tractor identified as a *Ferris ZTR, Model IS1500 Z, KAV2148, Serial No. 199,* which was offered for sale to the public.

3.     On or about March 11, 2009, Defendant Midwest Equipment sold the aforementioned Ferris ZTR Lawn Tractor to Plaintiff's Decedent, Robert Whelchel.

4.     On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn Tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

5.     On or about August 13, 2009, and at the time it left the control of Defendants B&S Corporation, B&S Power Products and Ferris, the subject Lawn Tractor was defective and unreasonably dangerous, in one or more of the following ways:

   a) the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;

   b) the Lawn Tractor was designed without an adequate or sufficient braking mechanism;

   c) the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

6.     As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

7.     Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

8.     On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

   • Rosemary Whelchel – wife of decedent;
   • Deborah Whelchel – adult disabled daughter of decedent;

- Holly Demers -- adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT II – STRICT LIABILITY – SURVIVAL ACTION - B&S CORPORATION, B&S POWER PRODUCTS, FERRIS

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, B&S Corporation, B&S Power Products and Ferris, states:

1-5.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 5 of Count I as if set forth fully and completely herein as Paragraphs 1 through 5 of this Count II.

6.    Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

7.    As a direct and proximate result of one or more of the aforesaid defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

8.    On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

3

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

9.      As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from the Defendants for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT III – STRICT LIABILITY – WRONGFUL DEATH – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment),* states:

1.      On and prior to August 13, 2009, Defendant Midwest Equipment was engaged in the business of assembling, maintaining, selling and distributing Ferris ZTR Lawn Tractors.

2.      On or about March 11, 2009, Defendant Midwest Equipment sold a Ferris ZTR Lawn Tractor, Model IS1500 Z, KAV2148, Serial No. 199, to Plaintiff's Decedent, ROBERT WHELCHEL.

3.      On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

4

4. On or about August 13, 2009, and at the time it left the control of Defendant Midwest Equipment, the subject Lawn tractor was defective and unreasonably dangerous, in one or more of the following ways:

   a) the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;

   b) the Lawn Tractor was designed without an adequate or sufficient braking mechanism;

   c) the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

5. As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor assembled, maintained, sold or distributed by Defendant Midwest Equipment, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

6. Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

7. On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

   - Rosemary Whelchel -- wife of decedent;
   - Deborah Whelchel -- adult disabled daughter of decedent;
   - Holly Demers -- adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT IV – STRICT LIABILITY – SURVIVAL ACTION – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment)*, states:

1-4.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 4 of Count III as if set forth fully and completely herein as Paragraphs 1 through 4 of this Count IV.

5.    Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

6.    As a direct and proximate result of the aforesaid, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

7.    On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

8.    As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from this Defendant for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT V – RESPONDENT IN DISCOVERY – ROBERT WILDERMUTH

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT
WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., requests
that Respondent in Discovery, ROBERT WILDERMUTH, respond within 28 days to the attached
Interrogatories, Production Requests and Notice of Deposition attached hereto, pursuant to the
provisions of Section 2-402 of the Illinois Code of Civil Procedure.

Respectfully submitted,
ROSEMARY WHELCHEL, Special Administrator of
the Estate of ROBERT WHELCHEL, *Deceased*

By: _____

RICHARD F. MALLEN, One of the Attorneys for the
Plaintiff

RICHARD F. MALLEN & ASSOCIATES, LTD
228 South Wabash Avenue
7th Floor
Chicago, IL 60604
Tel. (312) 346-0500 / Fax: (312) 346-5778

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, Deceased<br><br>Plaintiff,<br><br>v.<br><br>BRIGGS & STRATTON CORPORATION, a corporation, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, a corporation, FERRIS INDUSTRIES, INC., a corporation, and PEORIA MIDWEST EQUIPMENT, INC., a corporation<br><br>Defendants.<br><br>ROBERT WILDERMUTH<br>Respondent in Discovery | )<br>)<br>)<br>)<br>)<br>)   Current Cook County Circuit<br>)   Court Case No.: 11-L-006115<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF CONSENT TO REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Midwest Equipment, Inc., an Illinois Corporation, subject to all challenges to personal jurisdiction, which are not waived, who hereby files this Notice of Consent to Removal to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, to consent to remove this case from the Circuit Court of Cook County, Illinois, to this Court, and respectfully states:


EXHIBIT
B

1. Subject to all challenges to personal jurisdiction, which are not waived hereby, the aforementioned is among those named as a defendant in a civil action brought against it in the Circuit Court of Cook County, Illinois, entitled *Rosemary Whelchel, Special Administrator of the Estate of Robert Whelchel, Deceased v. Briggs & Stratton Corporation, a corporation, Briggs & Stratton Power Products Group, LLC, a corporation, Ferris Industries, Inc., a corporation, and Peoria Midwest Equipment, Inc, a corporation*; Case No.: 11-L-006115.

2. Subject to all challenges to personal jurisdiction, which are not hereby waived, Defendant Peoria Midwest Equipment, Inc. hereby consents to and otherwise joins in the Notice of Removal to be filed with this Court by Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC and Ferris Industries, Inc.

Respectfully submitted,

Peoria Midwest Equipment, Inc.

BY:

Robert Wildermuth
President, Peoria Midwest Equipment, Inc.

2

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

MADISON COUNTY                    (2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

06115

ROSEMARY WHELCHEL, Special Administrator of the
Estate of ROBERT WHELCHEL, *Deceased*
                                    *Plaintiff,*

v.

BRIGGS & STRATTON CORPORATION, *a corporation;*
BRIGGS & STRATTON POWER PRODUCTS GROUP,
LLC, *a corporation;* FERRIS INDUSTRIES, INC.,
*a corporation;* and PEORIA MIDWEST EQUIPMENT,
INC., *a corporation*
                                    *Defendants*

ROBERT WILDERMUTH
                        *Respondent in Discovery*

SHERIFF'S OFFICE

CALENDAR/ROOM E
TIME 00:00
PI Other

No. _____

Sheriff Please Serve, Or Serve Any Agent Of:

Ferris Industries, Inc.

5375 N. Main St., Munnsville, NY 13409

### ⦿ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⦿  Richard J. Daley Center, 50 W. Washington, Room _801_____, Chicago, Illinois 60602

| | | | | | |
|---|---|---|---|---|---|
| ◯ | District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ | District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ | District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ | District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ | District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ | Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _26129_____

Name: _RICHARD F. MALLEN & ASSOCIATES, LTD._

Atty. for: _PLAINTIFF_____

Address: _228 S. WABASH AVE., 7TH FLOOR_

City/State/Zip: _CHICAGO, IL 60604_

Telephone: _(312) 346-0500_

WITNESS, _____

DOROTHY BROWN
OF CIRCUIT COURT

JUN 1 3 2011

Date of service: _____
            (To be inserted by officer on copy left with defendant
            or other person)

Service by Facsimile Transmission will be accepted at: _(312) 346-5778_
                                        (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



EXHIBIT

C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,_____LAW_____

ROSEMARY WHELCHEL, Special Administrator of the
Estate of ROBERT WHELCHEL, *Deceased*
*Plaintiff,*

v.

BRIGGS & STRATTON CORPORATION, *a corporation;*
BRIGGS & STRATTON POWER PRODUCTS GROUP,
LLC, *a corporation;* FERRIS INDUSTRIES, INC.,
*a corporation;* and PEORIA MIDWEST EQUIPMENT,
INC., *a corporation*
*Defendants*

ROBERT WILDERMUTH
*Respondent in Discovery*

DIVISION 06115
CALENDAR/ROOM E
TIME 00:00
PI Other

No. _____

Sheriff Please Serve, Or Serve Any Agent Of:

Briggs & Stratton Corporation

12301 W. Wirth St., Wauwatosa, WI 53222

### ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ◉ Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ○ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ○ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ○ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ○ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ○ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ○ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 26129

Name: RICHARD F. MALLEN & ASSOCIATES, LTD.

Atty. for: PLAINTIFF

Address: 228 S. WABASH AVE., 7TH FLOOR

City/State/Zip: CHICAGO, IL 60604

Telephone: (312) 346-0500

WITNESS, _____ JUN 1 3 2011

_____ Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 346-5778

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____

ROSEMARY WHELCHEL, Special Administrator of the
Estate of ROBERT WHELCHEL, *Deceased*
*Plaintiff,*

v.

BRIGGS & STRATTON CORPORATION, *a corporation*;
BRIGGS & STRATTON POWER PRODUCTS GROUP,
LLC, *a corporation*; FERRIS INDUSTRIES, INC.,
*a corporation*; and PEORIA MIDWEST EQUIPMENT,
INC., *a corporation*

*Defendants*

ROBERT WILDERMUTH

*Respondent in Discovery*

DIVISION 06115
CALENDAR/ROOM E
TIME 00:00
PI Other

No. _____

Sheriff Please Serve, Or Serve Any Agent Of:

Briggs & Stratton Corporation

12301 W. Wirth St., Wauwatosa, WI 53222

## ⦿ SUMMONS  ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room **801** _____, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 26129

Name: RICHARD F. MALLEN & ASSOCIATES, LTD.

Atty. for: PLAINTIFF

Address: 228 S. WABASH AVE., 7TH FLOOR

City/State/Zip: CHICAGO, IL 60604

Telephone: (312) 346-0500

WITNESS, _____

DOROTHY BROWN
JUN 1 3 2011

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 346-5778
_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ID #26129

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

ROSEMARY WHELCHEL, Special Administrator of the )
Estate of ROBERT WHELCHEL, *Deceased* )
                          )
                 *Plaintiff,* )
                        )
            v. )        **CASE NO.**
                        )
BRIGGS & STRATTON CORPORATION, *a corporation;* )
BRIGGS & STRATTON POWER PRODUCTS GROUP, )
LLC, *a corporation;* FERRIS INDUSTRIES, INC., )
*a corporation;* and PEORIA MIDWEST EQUIPMENT, )
INC., *a corporation* )
                        )
               *Defendants* )
_____ )
                        )
ROBERT WILDERMUTH )
                        )
       *Respondent in Discovery* )

MADISON COUNTY
2011 JUN 20 AM 9: 15
SHERIFF'S OFFICE

**PLAINTIFF'S COMPLAINT AT LAW**

**COUNT I – STRICT LIABILITY – WRONGFUL DEATH – B&S CORPORATION, B&S POWER**

**PRODUCTS, FERRIS**

      Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, BRIGGS & STRATTON CORPORATION (*hereinafter referred to as B&S Corporation*), BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC (*hereinafter referred to as B&S Power Products*), and FERRIS INDUSTRIES, INC. (*hereinafter referred to as Ferris*), states:

      1.    On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris, a division of Briggs & Stratton Power Group, were engaged in the business of designing, manufacturing and selling Lawn Tractors.

· 1

2.     On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris designed, manufactured and sold a Lawn Tractor identified as a *Ferris ZTR, Model IS1500 Z, KAV2148, Serial No. 199*, which was offered for sale to the public.

3.     On or about March 11, 2009, Defendant Midwest Equipment sold the aforementioned Ferris ZTR Lawn Tractor to Plaintiff's Decedent, Robert Whelchel.

4.     On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn Tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

5.     On or about August 13, 2009, and at the time it left the control of Defendants B&S Corporation, B&S Power Products and Ferris, the subject Lawn Tractor was defective and unreasonably dangerous, in one or more of the following ways:

> a) the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;
>
> b) the Lawn Tractor was designed without an adequate or sufficient braking mechanism;
>
> c) the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

6.     As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

7.     Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

8.     On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;

2

- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT II – STRICT LIABILITY – SURVIVAL ACTION - B&S CORPORATION, B&S POWER PRODUCTS, FERRIS

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, B&S Corporation, B&S Power Products and Ferris, states:

1-5. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 5 of Count I as if set forth fully and completely herein as Paragraphs 1 through 5 of this Count II.

6. Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

7. As a direct and proximate result of one or more of the aforesaid defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

8. On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

9.     As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from the Defendants for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT III – STRICT LIABILITY – WRONGFUL DEATH – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment),* states:

1.     On and prior to August 13, 2009, Defendant Midwest Equipment was engaged in the business of assembling, maintaining, selling and distributing Ferris ZTR Lawn Tractors.

2.     On or about March 11, 2009, Defendant Midwest Equipment sold a Ferris ZTR Lawn Tractor, Model IS1500 Z, KAV2148, Serial No. 199, to Plaintiff's Decedent, ROBERT WHELCHEL.

3.     On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

4

4.      On or about August 13, 2009, and at the time it left the control of Defendant Midwest Equipment, the subject Lawn tractor was defective and unreasonably dangerous, in one or more of the following ways:

      a) the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;

      b) the Lawn Tractor was designed without an adequate or sufficient braking mechanism;

      c) the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

5.      As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor assembled, maintained, sold or distributed by Defendant Midwest Equipment, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

6.      Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

7.      On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT IV – STRICT LIABILITY – SURVIVAL ACTION – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment)*, states:

1-4.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 4 of Count III as if set forth fully and completely herein as Paragraphs 1 through 4 of this Count IV.

5.    Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

6.    As a direct and proximate result of the aforesaid, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

7.    On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

8.    As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from this Defendant for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

6

## <u>COUNT V – RESPONDENT IN DISCOVERY – ROBERT WILDERMUTH</u>

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., requests that Respondent In Discovery, ROBERT WILDERMUTH, respond within 28 days to the attached Interrogatories, Production Requests and Notice of Deposition attached hereto, pursuant to the provisions of Section 2-402 of the Illinois Code of Civil Procedure.

Respectfully submitted,
ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*

By: _____

RICHARD F. MALLEN, One of the Attorneys for the Plaintiff

RICHARD F. MALLEN & ASSOCIATES, LTD
228 South Wabash Avenue
7th Floor
Chicago, IL 60604
Tel. (312) 346-0500 / Fax: (312) 346-5778

7

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 11 L 006115 |
| BRIGGS & STRATTON CORPORATION, a corporation; BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, a corporation; FERRIS INDUSTRIES, INC., a corporation; And PEORIA MIDWEST EQUIPMENT, INC., a corporation | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

FILED AD DIVISION
2011 JUL -1 PM 12:28
DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION

## APPEARANCE AND JURY DEMAND

The undersigned, as attorneys, enters the appearance of the defendants, BRIGGS & STRATTON

CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS

INDUSTRIES, INC., correctly identified as Ferris, a brand of Briggs & Stratton Power Products

Group, LLC.

**The defendant demands trial by jury.**

_Meghan Sciortino_
Attorneys for the defendants,
Briggs & Stratton Corporation, Briggs & Stratton
Power Products Group, LLC, and Ferris Industries,
Inc.

Meghan M. Sciortino
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Firm Id. No. 06347

    I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_Meghan Sciortino_

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

MMS                              9004-11001                    Firm Id. No. 06347



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROSEMARY WHELCHEL, Special        )
Administrator of the Estate of    )
ROBERT WHELCHEL, deceased,        )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )        No. 11 L 006115
                                  )
BRIGGS & STRATTON CORPORATION,    )
a corporation; BRIGGS & STRATTON POWER )
PRODUCTS GROUP, LLC, a corporation; )
FERRIS INDUSTRIES, INC., a corporation; )
And PEORIA MIDWEST EQUIPMENT, INC., )
a corporation                     )
                                  )
    Defendants.                   )

## <u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>

NOW COMES the defendants, BRIGGS & STRATTON CORPORATION, BRIGGS &

STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., correctly

identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC, by and through

their attorneys, JOHNSON & BELL, LTD., and move this Honorable Court for the entry of an

order transferring this lawsuit from the Circuit Court of Cook County to the Circuit Court in

Peoria County pursuant to Illinois Supreme Court Rule 187 and the doctrine of *forum non*

*conveniens*. In support thereof, defendants state as follows:

    1.    On June 13, 2011, plaintiff, Rosemary Whelchel, filed her complaint at law in the

Circuit Court of Cook County seeking recovery for fatal injuries allegedly sustained by her

decedent, Robert Whelchel, on August 13, 2009 while operating a Ferris ZTR Lawn Tractor

(hereinafter "subject tractor") which was allegedly manufactured and/or distributed by the

defendants. (A copy of plaintiff's complaint at law is attached as Exhibit "A").

2.     Upon information and belief, plaintiff, Rosemary Whelchel, resides in Hanna City which is located in Peoria County, Illinois.

3.     Upon information and belief, plaintiff's decedent, Robert Whelchel, resided in Hanna City, Peoria County, Illinois at the time of his death.

4.     Upon information and belief plaintiff's decedent's accident occurred in Hanna City, Peoria County, Illinois.

5.     Upon information and belief, all of the witnesses to this accident reside in or near Peoria County, Illinois.

6.     As alleged in her complaint, the plaintiff's decedent, Robert Whelchel, purchased the subject tractor from Peoria Midwest Equipment which is located in Peoria County, Illinois. (See Exhibit A).

7.     Upon information and belief, the defendant, Peoria Midwest Equipment, Inc. is an Illinois corporation with its principal place of business in Peoria County, Illinois.

8.     The defendants, Briggs & Stratton Corporation, Briggs & Stratton Power Products Group, LLC, and Ferris Industries, Inc. are foreign corporations.

9.     Cook County is neither the situs of the injury nor the residence of the plaintiff or her decedent. It is well established that a plaintiff's choice of forum is entitled to diminished deference when the situs of the injury is not located in the chosen forum and the plaintiff is not a resident of the chosen forum. *Peile v. Skelgas, Inc.*, 163 Ill.2d 323, 337-338 (1994).

9.     In fact, when a plaintiff is foreign to the forum chosen, the assumption of convenience is no longer reasonable. *Dawdy v. Union Pacific R.R.*, 207 Ill.2d 167, 174 (2003). Instead, it is reasonable to conclude that plaintiff engaged in impermissible forum shopping to suit her individual interests, a strategy contrary to the purposes behind the venue rules. *Id.* This

court should not allow plaintiff or her counsel to forum shop, but should instead transfer this matter to the most appropriate forum, Peoria County.

10.    The fact that the injury occurred in Peoria County, the plaintiff and her decedent are Peoria County residents, and the only Illinois defendant is a Peoria County resident is what gives this action "the aspect of a localized controversy with a local interest in having the controversy decided at home". *Bland v. Norfolk & Western Railway*, 116 Ill.2d 217, 224 (1987).

11.    The court must balance the public and private interests in determining the appropriate forum in which the case should be tried. *Dawdy*, 207 Ill.2d at 172.

12.    The private interests to be considered are: convenience of the parties; ease of access to sources of testimonial, documentary, and real evidence; and other practical considerations such as costs to obtain attendance of witnesses and the possibility of viewing the site of the occurrence. *First American Bank v. Guerine*, 198 Ill.2d 511, 516 (2002).

13.    Upon information and belief, all of the vital sources of proof are located in and around Peoria County and have no connection to Cook County. Given that plaintiff's decedent's accident occurred in Peoria County and that the plaintiff and her decedent are Peoria County residents, the defendants believe that discovery will reveal that any medical care took place in or near Peoria County and that all of the witnesses to this accident live in or near Peoria County. As such, Peoria County is the most appropriate forum with the most substantial relationship to the litigation.

14.    The public interest issues to be considered by the court include having local controversies decided locally, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and the administrative difficulties caused when litigation is handled in congested venues instead of the county of origin. *Dawdy*, 207 Ill.2d at 173.

Applying each of these factors to the case at bar, there is no question that they strongly weigh against Cook County and in favor of Peoria County as the most appropriate forum. Cook County has no connection whatsoever to this litigation. On the other hand, because plaintiff is a Peoria County resident and seeks recovery for injuries allegedly suffered by a Peoria County resident in Peoria County, Peoria County's interest in this case substantially favors transfer to Peoria County. *Evans v. M.D. Con, Inc.*, 275 Ill.App.3d 292 (1st Dist. 1995).

15. This preliminary motion to transfer venue is being filed in order to preserve defendants' rights under Supreme Court Rule 187 and the doctrine of *forum non conveniens*. Defendants seek leave to issue *forum non conveniens* interrogatories and upon receipt of answers to same, defendants will supplement this motion to transfer venue.

**WHEREFORE**, defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC, pray that this Honorable Court grant their motion to transfer venue and transfer this lawsuit from the Circuit Court of Cook County to the Circuit Court in Peoria County pursuant to Illinois Supreme Court Rule 187.

**Dated: July 1, 2011**

Respectfully submitted,

JOHNSON & BELL, LTD.

Attorneys for defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., correctly identified as Ferris, a brand of Briggs & Stratton Power Products Group, LLC

Meghan M. Sciortino
JOHNSON & BELL, LTD.
33 W. Monroe St.
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Firm Id. No. 06347

ID #26129

ROSEMARY WHELCHEL, Special Administrator of the )
Estate of ROBERT WHELCHEL, *Deceased* )
                           )
                *Plaintiff,* )
                           )
          v. )          CASE NO.
                           )
BRIGGS & STRATTON CORPORATION, *a corporation*; )
BRIGGS & STRATTON POWER PRODUCTS GROUP, )
LLC, *a corporation*; FERRIS INDUSTRIES, INC., )
*a corporation*; and PEORIA MIDWEST EQUIPMENT, )
INC., *a corporation* )
                           )
              *Defendants* )
                           )
_____)
ROBERT WILDERMUTH )
                           )
     *Respondent in Discovery* )

SHERIFF'S OFFICE

MADISON COUNTY
2011 JUN 20 AM 9:15

**PLAINTIFF'S COMPLAINT AT LAW**

**COUNT I – STRICT LIABILITY – WRONGFUL DEATH – B&S CORPORATION, B&S POWER**

**PRODUCTS, FERRIS**

    Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, BRIGGS & STRATTON CORPORATION (*hereinafter referred to as B&S Corporation*), BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC (*hereinafter referred to as B&S Power Products*), and FERRIS INDUSTRIES, INC. (*hereinafter referred to as Ferris*), states:

    1.    On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris, a division of Briggs & Stratton Power Group, were engaged in the business of designing, manufacturing and selling Lawn Tractors.

· 1



2.  On and prior to August 13, 2009, Defendants B&S Corporation, B&S Power Products and Ferris designed, manufactured and sold a Lawn Tractor identified as a *Ferris ZTR, Model IS1500 Z, KAV2148, Serial No. 199,* which was offered for sale to the public.

3.  On or about March 11, 2009, Defendant Midwest Equipment sold the aforementioned Ferris ZTR Lawn Tractor to Plaintiff's Decedent, Robert Whelchel.

4.  On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn Tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

5.  On or about August 13, 2009, and at the time it left the control of Defendants B&S Corporation, B&S Power Products and Ferris, the subject Lawn Tractor was defective and unreasonably dangerous, in one or more of the following ways:

    a)  the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;

    b)  the Lawn Tractor was designed without an adequate or sufficient braking mechanism;

    c)  the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

6.  As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

7.  Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

8.  On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

    - Rosemary Whelchel – wife of decedent;
    - Deborah Whelchel – adult disabled daughter of decedent;

2

- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT II – STRICT LIABILITY – SURVIVAL ACTION - B&S CORPORATION, B&S POWER PRODUCTS, FERRIS

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendants, B&S Corporation, B&S Power Products and Ferris, states:

1-5.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 5 of Count I as if set forth fully and completely herein as Paragraphs 1 through 5 of this Count II.

6.    Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

7.    As a direct and proximate result of one or more of the aforesaid defective conditions of the Lawn Tractor manufactured, designed and sold by Defendants B&S Corporation, B&S Power Products and Ferris, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

8.    On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

3

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

9.    As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from the Defendants for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendants, BRIGGS & STRATTON CORPORATION, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, and FERRIS INDUSTRIES, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT III – STRICT LIABILITY – WRONGFUL DEATH – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment),* states:

1.    On and prior to August 13, 2009, Defendant Midwest Equipment was engaged in the business of assembling, maintaining, selling and distributing Ferris ZTR Lawn Tractors.

2.    On or about March 11, 2009, Defendant Midwest Equipment sold a Ferris ZTR Lawn Tractor, Model IS1500 Z, KAV2148, Serial No. 199, to Plaintiff's Decedent, ROBERT WHELCHEL.

3.    On or about August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, was operating the subject Ferris ZTR Lawn tractor, cutting grass, when said Lawn Tractor rolled over into a ditch and pinned him beneath it, causing Plaintiff's decedent to be held down by the machine and suffer mechanical asphyxiation causing his death.

4

4.     On or about August 13, 2009, and at the time it left the control of Defendant Midwest Equipment, the subject Lawn tractor was defective and unreasonably dangerous, in one or more of the following ways:

    a) the Lawn Tractor did not contain sufficient or adequate warnings and instructions concerning its safe use and operation;

    b) the Lawn Tractor was designed without an adequate or sufficient braking mechanism;

    c) the Lawn Tractor did not have a Roll Over Protective Structure (ROPS), also known as a roll bar.

5.     As a direct and proximate result of one or more of the aforementioned defective conditions of the Lawn Tractor assembled, maintained, sold or distributed by Defendant Midwest Equipment, Plaintiff's Decedent, ROBERT WHELCHEL, suffered injuries causing his death.

6.     Plaintiff, ROSEMARY WHELCHEL, brings herewith an Order of the Circuit Court appointing her Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* as evidence of her right to bring this Wrongful Death action pursuant to 740 ILCS 180/2.

7.     On August 12, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased,* demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

## COUNT IV – STRICT LIABILITY – SURVIVAL ACTION – MIDWEST EQUIPMENT

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., complaining of the Defendant, PEORIA MIDWEST EQUIPMENT, INC. *(hereinafter referred to as Midwest Equipment)*, states:

1-4.　　Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 4 of Count III as if set forth fully and completely herein as Paragraphs 1 through 4 of this Count IV.

5.　　Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

6.　　As a direct and proximate result of the aforesaid, Plaintiff's Decedent, ROBERT WHELCHEL, suffered severe and painful injuries which caused his death on August 13, 2009.

7.　　On August 13, 2009, Plaintiff's Decedent, ROBERT WHELCHEL, left surviving him:

- Rosemary Whelchel – wife of decedent;
- Deborah Whelchel – adult disabled daughter of decedent;
- Holly Demers – adult daughter of decedent,

all of whom have suffered pecuniary loss, including grief and sorrow, and loss of society as a result of his death.

8.　　As a proximate result of the aforesaid, Decedent, ROBERT WHELCHEL, suffered injuries of a personal and pecuniary nature, including his conscious pain and suffering, and Decedent would have been entitled to receive compensation from this Defendant for these injuries had he survived.

WHEREFORE, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, demands judgment in favor of the Plaintiff and against the Defendant, PEORIA MIDWEST EQUIPMENT, INC., in excess of Fifty Thousand Dollars ($50,000.00) and the costs of this lawsuit.

6

## COUNT V – RESPONDENT IN DISCOVERY – ROBERT WILDERMUTH

Plaintiff, ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*, by her attorneys, RICHARD F. MALLEN & ASSOCIATES, LTD., requests that Respondent in Discovery, ROBERT WILDERMUTH, respond within 28 days to the attached Interrogatories, Production Requests and Notice of Deposition attached hereto, pursuant to the provisions of Section 2-402 of the Illinois Code of Civil Procedure.

Respectfully submitted,
ROSEMARY WHELCHEL, Special Administrator of the Estate of ROBERT WHELCHEL, *Deceased*

By: _____
RICHARD F. MALLEN, One of the Attorneys for the Plaintiff

RICHARD F. MALLEN & ASSOCIATES, LTD
228 South Wabash Avenue
7th Floor
Chicago, IL 60604
Tel. (312) 346-0500 / Fax: (312) 346-5778